**United States District Court**
For the Northern District of California

1      IN THE UNITED STATES DISTRICT COURT

2      FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4
KEVIN LAMAR HOPKINS,                        No. C 07-06096 CW (PR)

5
            Plaintiff,                      ORDER REGARDING IN FORMA
                                            PAUPERIS MOTION
6
       v.

7
OAKLAND POLICE DEPARTMENT,
8  et al.,

9          Defendants.
   _____/

10

11      Plaintiff, a state prisoner, filed this pro se civil rights

12  action under 42 U.S.C. § 1983.  He has also filed an application to

13  proceed in forma pauperis (IFP).  However, Plaintiff filed a Notice

14  of Change of Address requesting the Clerk of the Court to forward

15  all documents to 2320 Havens Court, Oakland, California, 94605,

16  which the Court assumes is his home address because Plaintiff does

17  not specify that he was transferred to another institution.

18      Ordinarily, a plaintiff is permitted to file a civil action in

19  federal court without prepayment of fees or security if he alleges

20  in an affidavit that he is unable to pay such fees or give security

21  therefor.  See 28 U.S.C. § 1915(a).  But if the plaintiff is a

22  prisoner who alleges that he is unable to pay the full filing fee

23  at the time of filing, he will be required to pay the full amount

24  of the filing fee even if he is granted IFP status.  See 28 U.S.C.

25  § 1915(b)(1).  This is done by way of an "installment plan,"

26  whereby the court will assess an initial payment, and the prisoner

27  will be required thereafter to make monthly payments of twenty

28  percent of the preceding month's income credited to the prisoner's

account.  See id.  However, if a prisoner who seeks leave to

United States District Court
For the Northern District of California

1  proceed IFP is released from prison while his action is pending, he

2  will not be required to pay the full filing fee if IFP status is

3  granted.  See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th

4  Cir. 2003) (statutory language, legislative intent and policy

5  reasons dictate that prisoner granted IFP status when he filed

6  action would not be liable for full amount of filing fee upon

7  release but must be allowed to apply to proceed under general IFP

8  provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601,

9  613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96

10  F.3d 28, 29-30 (2d Cir. 1996) (same).

11      Because Plaintiff no longer is incarcerated, in order for the

12  Court to assess whether he is entitled to proceed IFP he must apply

13  to proceed IFP under the general provisions of 28 U.S.C.

14  § 1915(a)(1).  The Court will not rely upon any prior IFP

15  application filed by Plaintiff while he was incarcerated to make

16  the IFP determination in this action.  Therefore, Plaintiff's

17  motion for leave to proceed IFP is TERMINATED as moot.  Plaintiff

18  shall either pay the $350.00 filing fee or file a new non-prisoner

19  IFP application.  If, based upon the information provided by

20  Plaintiff, the Court grants Plaintiff leave to proceed IFP, the

21  Court will proceed to review the complaint under § 1915(e)(2).[1]  If

22  the Court determines that Plaintiff is not entitled to IFP status,

23  he will be required to pay the full filing fee or the action will

24  be dismissed.

25

26

27      [1] Under this section, the Court is required to conduct a
preliminary screening for frivolity, failure to state a claim, or
immune defendants in any IFP action.

28

2

**United States District Court**
For the Northern District of California

1    Accordingly, Plaintiff is hereby ORDERED to file a non-

2 prisoner application to proceed IFP.  Plaintiff shall answer all

3 questions and shall include Plaintiff's name and case number C 07-

4 06096 CW (PR) on the attached application.  Plaintiff shall file

5 his completed application within <u>thirty (30) days</u> of the date of

6 this Order.

7    The Clerk of the Court shall send Plaintiff a blank non-

8 prisoner IFP application form along with a copy of this Order.

9    The Court reminds Plaintiff it is his responsibility to

10 prosecute this case.  Plaintiff must keep the court and all parties

11 informed of any change of address by filing a separate paper

12 captioned "Notice of Change of Address."  He must comply with the

13 Court's orders in a timely fashion.  Failure to do so may result in

14 the dismissal of this action for failure to prosecute pursuant to

15 Federal Rule of Civil Procedure 41(b).

16    <u>Failure to file a completed non-prisoner IFP application form</u>

17 <u>as ordered herein by the thirty-day deadline shall result in the</u>

18 <u>dismissal of this action without prejudice.</u>

19    IT IS SO ORDERED.

20
Dated: 3/17/08                        _____

21                                     CLAUDIA WILKEN
                                       UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28  P:\PRO-SE\CW\CR.07\Hopkins6096.FileNonPrisonerIFP.frm

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

KEVIN L. HOPKINS,

4                                                   Case Number: CV07-06096 CW

Plaintiff,

5                                                   **CERTIFICATE OF SERVICE**

v.

6

OAKLAND POLICE DEPT. et al,

7

Defendant.

8 _____/

9

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on March 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
in the Clerk's office.

13

14

15 Kevin Lamar Hopkins      w/non-prisoner IFP appl.
2320 Havens Court
16 Oakland,  CA 94605

17 Dated: March 17, 2008

Richard W. Wieking, Clerk
18                                         By: Sheilah Cahill, Deputy Clerk

19

20

21

22

23

24

25

26

27

28 P:\PRO-SE\CW\CR.07\Hopkins6096.FileNonPrisonerIFP.frm

4