IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>OAKLAND POLICE DEPARTMENT,<br>et al.,<br><br>    Defendants.<br>_____/ | No. C 07-6096 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ADDRESSING HIS OTHER PENDING MOTIONS IN CONNECTION WITH CASE NO. C 09-0722 CW (PR)<br><br>(Docket no. 21) |

    This civil rights action was dismissed without prejudice by the Court on May 16, 2008.  The Court concluded that dismissal was required because Plaintiff failed to comply with its March 17, 2008 Order directing him to submit a non-prisoner application for leave to proceed <u>in forma pauperis</u> (IFP).[1]  Plaintiff now seeks reconsideration of the dismissal by filing a document entitled "Motion to Vacate Dismissal," which the Court construes as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

    Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is

---

[1] In its March 17, 2008 Order, the Court identified Plaintiff as a non-prisoner, stating: "Plaintiff filed a Notice of Change of Address requesting the Clerk of the Court to forward all documents to 2320 Havens Court, Oakland, California, 94605, which the Court assumes is his home address because Plaintiff does not specify that he was transferred to another institution."  (Mar. 17, 2008 Order at 1.)

void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff contends that he never received the Court's March 17, 2008 Order.  He claims that he has "always used due diligence informing courts of address changes, [and] status of case before and after the order was issued."  (Mot. for Recons. at 1.)  However, even if the circumstances presented by this case warrant relief under Rule 60(b), Plaintiff has since filed a new action in this Court.  See Hopkins v. Oakland Police Dept., Case no. C 09-0722 CW (PR).  Plaintiff raises identical claims against the same Defendants in his new action, and his IFP motion in that action has been granted.  Reconsideration of the dismissal of the present action is unnecessary because Plaintiff is pursing his claims in the new action.

Accordingly, Plaintiff's "Motion to Vacate Dismissal" (docket no. 21), which has been construed as a motion for reconsideration, is DENIED as unnecessary.

Plaintiff also asks for appointment of counsel and for the Court to issue a preliminary injunction precluding the Oakland Police Department from "further harassment."  First, the present case has been dismissed and his motion for reconsideration has been denied; therefore, his requests are moot.  However, because Plaintiff is pursing the same claims in Case no. C 09-0722 CW (PR), the Court will consider these requests in connection with his new action.

Plaintiff states, "Judge Claudia Wilken appointed counsel refering [sic] Plaintiff's initial complaint to Pro Bono Project

2

and Plaintiff was appointed Latham & Watkin Law Firm."  (Mot. for Recons. at 3.)  Plaintiff "requests that the Court consider appointing and refering [sic] case back to Pro Bono Project due to the retaliation of [his] first complaint . . . [and] due to the complexities in bringing this action and continous [sic] wrongs Plaintiff has endured by Oakland Police Department and its officers."  (Id.)  The record shows that Plaintiff was never appointed counsel in the present case; however, he was appointed counsel in a previous civil rights action, Hopkins v. Oakland Police Dept. Officers, et al., Case no. C 01-4972 CW (PR), which was dismissed with prejudice pursuant to a settlement agreement on March 25, 2006.  As mentioned above, Plaintiff is pursuing the same claims as the present case in Case no. C 09-722 CW (PR); however, the Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment in that case.  The proceedings in his new action are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, Plaintiff's request for appointment of counsel in Case no. C 09-722 CW (PR) is DENIED at this time.  This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings in Case no. C 09-722 CW (PR), that is, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive

3

matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel in Case no. C 09-722 CW (PR) after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff pro bono in his new action.

Before granting a preliminary injunction in Case no. C 09-722 CW (PR), notice to the adverse party is required.  Fed. R. Civ. P. 65(a)(1).  The complaint in Plaintiff's new action has yet to be served.  Therefore, Plaintiff's request for a preliminary injunction cannot be decided until the parties to that action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). Accordingly, his request for a preliminary injunction in Case no. C 09-722 CW (PR) is DENIED as premature.

The Clerk of the Court is directed to file a copy of this Order in Case no. C 09-0722 CW (PR).

This Order terminates Docket no. 21.

IT IS SO ORDERED.

DATED: September 16, 2009

CLAUDIA WILKEN
United States District Judge